C. S. DUBUISSON, Plaintiff in Error, v. JOHN M. FOLKES, Defendant in Error.

1. PRINCIPAL AND SURETY: CONTRACT FOR INDULGENCE.—The pre-payment of interest is a sufficient consideration to support a contract for the giving of further indulgence in the payment of a debt, and such a contract, if made without the surety's consent, will release him.

2. SAME : EVIDENCE.—The following indorsement made by the holder, on a note, due 5th July, 1852—" six months further time is given on the within note, and interest paid to January 3d, 1853," is sufficient evidence of a contract between the holder and the principal debtor for a delay in the payment of the note, and that the prepayment of the interest was the consideration therefor; and without any explanation will release the surety from liability thereon.

IN error from the Circuit Court of Adams county. Hon. Stanhope Posey, judge.

*Assumpsit* by Folkes, against Warner and Dubuisson ; judgment by default as to Warner. Dubuisson pleaded that he was only surety for said Warner, on the note sued on, and that this was known to plaintiff, and that plaintiff after the maturity of the note gave six months' delay in the payment of said note to said Warner, in consideration of the prepayment of interest then made by said Warner, and this was without his knowledge or consent. Plaintiff replied : first, denying generally the matter in the plea, and second, that after the said supposed indulgence was given, that Dubuisson had promised to pay the said note. Dubuisson demurred to this second replication, which was sustained, and the plaintiff, under leave to amend, replied over as follows : That he did not know that Dubuisson was surety ; that he did extend the time of payment of said note on the 2d day of July, 1852, for six months, but denies there was any consideration therefor ; and by way of new matter he states that Dubuisson, on the 15th March, 1853, with a full knowledge that the extension of time had been given, promised to pay the said note. Dubuisson demurred to this replication, but it was overruled. Judgment and verdict for plaintiff.

The evidence offered by defendant to sustain his plea, was the indorsement on the note, copied in the opinion of the court, and a letter of plaintiff to him, dated 24th March, 1853, in which he states : " The note falling due at a season when money is generally scarce, I gave six months further time, hoping it would be promptly paid ;" also a letter dated 15th February, 1853, in which plaintiff acknowledges that the defendant was surety.

Plaintiff read in evidence a letter of Dubuisson's to him, dated 15th March, 1853, which was as follows :—

VOL. I.—28

"DEAR SIR.—Yours of February, 28th ult., post-marked March 4th, was received some six or eight days ago. I did not reply, because I thought your note had been paid. It is impossible for me to come to any certain understanding by letter. If you will send the note to some friend (say B. Wade,) in town, it will be paid in a few days after I know of its being there, or give you another note to give satisfaction in renewal. It may, be, it would suit me better to get Warner to renew it. * * It shall be arranged to your satisfaction. In justice to me, I hope you will place the note where I can control it." Verdict and judgment for plaintiff.

Defendant Dubuisson, moved for a new trial, which was overruled, and a bill of exceptions taken thereto.

*G. M. Davis*, for plaintiff in error.

1. The prepayment of the interest was a sufficient consideration to support the contract for delay, and it released the surety, Dubuisson. See 10 Johns. 587; 13 Ib. 174, 175; 6 Ham. 17; 9 Ala. 949; 4' New Hamp. 221: 21 Pick. 195; 9 Met. 511; 2 Am. Lead. Cas. 256, 257, 275, 293, 295, 299; 5 Ham. 207, 215; 11 Wend. 312; 1 Cushm. 530.

2. A promise to pay after the extension of time, is of no validity whatever, unless made with a full knowledge of the facts, which must in the first instance be affirmatively proved by the party relying upon it. Bayley on Bills, 295, 296, and note; Story on Prom. Notes, 443, and 448.

3. In this case there are two replications to the plea; this is not allowable. 1 Chit. Pl. 578.

*Geo. L. Potter*, on same side.

Folkes sued Warner and Dubuisson on their joint note. Defendant Dubuisson pleaded, first, a general denial: second, that after the maturity of the note, plaintiff, without his consent, and in consideration of the prepayment of interest, gave time to Warner, for six months: third, a like plea, with averment that plaintiff knew he was such surety. Plaintiff demurred, because no consideration was alleged. Sustained as to second, and overruled as to third plea. Plaintiff replied to third plea, and admitted the extension of time,

but denied it was upon any consideration, and that Dubuisson afterwards, with full knowledge of the time given, promised to pay. There was a verdict against Dubuisson, who moved for a new trial; which being overruled, he excepted.

The note, dated January, 2d, 1852, at six months, fell due the 5th July, 1852. To prove that time was given to the principal, Dubuisson read the letter of plaintiff, which contains this sentence: "The note falling due when money is generally scarce, I gave six months *further* time, hoping it would be promptly paid." To prove the consideration paid for the stay, he read this indorsement on the note: "six months further time is given on the within note, and the *interest paid to January 2d,* 1853."

He thus proved that six months interest was *prepaid* when the note matured, and six months time given. To prove he was surety, Dubuisson read the letter of plaintiff: "I was very loath to call on you, knowing that *no security* wishes to pay the debt, but it was your name that induced me to *loan the money.*" This letter bears date the 28th February, 1853; and it may argued that plaintiff was first informed of defendant's suretyship, by his letter of the 15th; but the pretence is plainly unfounded. On the 21st defendant wrote: "Of course you know I was Warner's security;" and plaintiff in response, admits he knew it: he also introduced this letter and made it evidence. On the 15th, plaintiff first wrote demanding payment; on the 21st, defendant replied, assuming that plaintiff knew he was but a surety. On the 28th plaintiff rejoins: "I *was* very loath to call on you, knowing that no security wishes to pay; it was your name that induced me to loan the money." Here is no pretence of a loan to defendant, but a distinct admission that plaintiff "was," from the outset, loath to call on defendant, because he was a surety—showing that he knew this from the beginning. To confirm this view, we have the admission that the loan was not *to* defendant, but on the credit of his name. The proof is therefore plain that defendant was a mere security, and so known to be to the plaintiff.

We have proved, then, the fact of the suretyship, and the fact of a stay granted to the principal; and the plain inference is, that this stay was granted in consideration of interest prepaid. The

interest was pre-paid at the very time the stay was given—it was one transaction; and it is idle to say pre-payment would have been made, if no stay had been granted.

Prepayment of interest is a sufficient consideration for a contract to give time.   2 Am. Lead. Cas. 307.   Plaintiff proved that the principal was in good credit when the note matured; and if Warner be insolvent, the loss should fall on plaintiff only.

But, it is said, defendant knew of the stay and promised, notwithstanding, to pay.   If defendant so promised, with knowledge of the stay, the evidence must be sought in his letter of *March 15th*, 1853.   He therein requested plaintiff to send down the note, and remarked that it would be paid in a few days after he should learn of its receipt.   Did he then know of the stay ?   This letter was in reply to plaintiff's, of 28th February, in which plaintiff asserted, that he had sent the note "several times" to Warner, for payment, who disappointed him "frequently."   So far from notifying defendant of the stay, plaintiff induced him to believe great diligence had been used to obtain payment from Warner. It was not until the 23*rd March*, 1853, that plaintiff informed defendant of the stay, and then only said he "gave six months further time," without hinting that there was a contract, upon consideration, for delay: no promise of defendant subsequent to this letter, in which he was first informed of the stay, can be shown.

Plaintiff introduced as evidence, the letter of defendant, dated February 21, in which he expressed great surprise to learn the note was unpaid.   He expressed like surprise to Wade, agent of plaintiff, when he first saw the indorsement on the note showing a contract for delay.

The pretence of a promise, with knowledge of the stay, therefore fails.

It was incumbent on plaintiff to prove the promise was made with full knowledge of the facts.   Bayley, Bills, 295, 296, and notes; Story, Notes, 443, *et seq*.   The defendant was clearly released, and the jury should have so found.

The court charged for plaintiff, that defendant must *prove*, in order to make out his defence, that the stay was without his know-

ledge, thus denying the plain rule, that time given by contract, *without consent* of the surety, discharges him.

There was also error in the pleadings: defendant set up as a second ground of defence, that plaintiff contracted to give Warner a stay of six months, in consideration of the prepayment of six months' interest; that the money was paid and the stay given, all without the consent or knowledge of defendant. Plaintiff demurred, on the sole ground of a want of consideration, and his demurrer was sustained. This was manifest error. Under the act of 1850, the causes of demurrer must be specially assigned.

Plaintiff replied to the third ground of defence in the answer.

1. A general and special denial.

2. That *if* there was a stay, the defendant subsequently promised to pay.

Defendant demurred, because the replication was double; and as to the promise, that it was not shown to have been with knowledge, &c.; which demurrer was overruled.

This was error.

On this and other points in the case, see brief of Mr. Davis, containing points and authorities.

Upon the merits, the law is plainly with plaintiff in error, as well as upon the pleadings.

*Thomas Reed*, for defendant in error.

The sole question in this case is, was there evidence before the jury, that the time of payment of the note sued upon, was given upon a valuable consideration. The question was purely one of fact; and the jury decided against the defendant below.

What was the proof? the only *evidence was* the indorsement on the note; and what does that show? *only, that the interest was paid*, and no sum named therein whatever, as to what amount of interest was paid. The issue made by the pleadings, was the question about the time of payment of the note sued on being extended six months, for a *valuable consideration*, by the plaintiff below to Warner, without the knowledge of Dubuisson.

The plaintiff had in his replication denied that such was the fact, and also denied that the interest was paid as such consideration.

It was then the duty of the defendant below, to have introduced positive and uncontradicted evidence, that such was the fact. The only evidence he introduced on that point, was the memorandum on the note, *and that expresses no consideration.* The jury to whom the evidence with first instruction were left, decided against him.

Upon the motion for a new trial he made an affidavit, that defendant below, Jackson Warner, was a material witness for him. He, Warner, was absent. He shows no diligence in trying to procure his attendance: no subpœna was issued for him, and no deposition taken,—which could have been done. The cause had been in court two years; during all that time he had the opportunity of seeing Warner, and of having his deposition either taken, or him summoned to appear as a witness at the trial. He presents no such case on that point, as will meet with favor from this court. He does not show that he can even prove the facts stated, as he does not know what Warner will say about it.

It will have been seen by the letter of Folkes to Dubuisson, which was introduced as evidence on the part of Dubuisson, what was the reason for the extension of the payment of the note at its maturity. Folkes says, "*the note falling due at a season when money is scarce, I gave six months' further time, hoping it would be paid promptly.*" That was a conclusive rebuttal to any presumption, that the interest named as having been paid, was the consideration for giving the time.

The doctrine on the subject of the conditions upon which a surety is discharged by extension of time granted to a principal, as held by this court, will be found in 4 How. 692; 7 S. & M. 522; 3 Cushm. 151.

This court has also decided in *Maule* v. *Kirkman,* 13 S. & M. 599, and still later decisions, that they will not disturb a verdict, unless the finding is clearly against the evidence.

FISHER, J., delivered the opinion of the court.

The plaintiff below brought this suit in the Circuit Court of Adams County, to recover the amount of a promissory note, made

by one Warner, as principal, and by the plaintiff in error, as secu-
rity.

The note is dated the 2nd of January, 1852, and payable six
months after date. The defence set up in the court below, by the
plaintiff in error, was, that he was but the security of Warner, on
the note; that after the note became due, the creditor, without
the knowledge or consent of the security, extended the time of
payment to the principal, in consideration of his paying to the
creditor interest in advance, for such enlarged time of payment.

It is admitted that this was a sufficient consideration to uphold
the contract, if it was in fact made; but the contract itself being
denied, the only question was, whether the time, upon the conside-
ration stated, had been given. The defendant, as his most im-
portant item of evidence, read to the jury the following indorse-
ment upon the note, to wit:—

" Six months further time is given on the within note, and the
interest paid to January 3rd, 1853.

        (Signed)          " JOHN M. FOLKES."

The fair construction of this language, renders it certain that
the indorsement must have been made on the note long before the
2nd of January, 1852, because it speaks of matters which had
already transpired: " Six months further time is given, and inter-
est '*is*' *paid* to January, 1853." If it were otherwise, the indorse-
ment would have been, that the six months' *time had been given*,
and the *interest had been paid.* The language, when fairly con-
strued, proves both an extension of time and an advance payment
of interest, for such extension. If the indorsement be untrue, in
this respect, it devolves on the plaintiff, who made it on the note,
to explain or disprove it. The security, until so explained or dis-
proved, has a right to treat it as evidence of the contract between
the plaintiff and principal debtor. Aside from this construction
of the indorsement, the plaintiff's letter of the 24th of March,
1853, shows that the time of payment was enlarged six months;
and this must have been done before January, 1853, as the time
had already expired before the date of the letter. The indorse-
ment on the note, must be considered as evidence of the contract

to extend the time, as well as of the consideration; and so considering it, and the plaintiff failing to explain it, we are of opinion that the jury found against the weight of evidence, and that a new trial ought to have been granted.

Judgment reversed, new trial granted, and cause remanded.